UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No.  2:14-cr-16
                                                          HON.  ROBERT HOLMES BELL

RICHARD JON HILL,

    Defendant.
_____/

## OPINION AND ORDER

        Defendant Richard Jon Hill moves to sever his trial from the trial of his codefendants. Defendant Hill was indicted by a grand jury.  The Third Superseding Indictment filed on February 10, 2015,  charges Defendant Hill with Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A)(viii); two counts of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); and Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).  Trial is set for August 17, 2015.

        Defendant Hill was charged along with Defendants Rebecca Jean Suzik, Joshua Aaron Anderson, Anthony Peter Giovanoni, Jack Michael Ribich, and David Anthony Tristan.  Defendants Suzik, Anderson, and Giovanoni have entered plea agreements.  The government intends to introduce, during the trial of Defendants Hill, Ribich and Tristan, the statements that Defendant Ribich made to police officers.  Defendant Hill argues that he will be prejudiced by the introduction of Defendant Ribich's statements, because he will not have an opportunity to cross-examine Defendant Ribich if Defendant Ribich does not testify at trial.  Further, Defendant Hill asserts that the delays that have occurred due to the multiple indictments and charges against multiple defendants have prejudiced

him. Defendant Hill argues that the delays that have occurred in this case, coupled with the introduction of the statement made by Defendant Ribich, entitles him to a separate trial.

Defendant Hill made oral statements when he was interviewed by United States Drug Enforcement Administration Special Agent Poikey, Ironwood Police Officer Sterbenz, and Hurley Police Officer Packmeyer. The government intends to call Special Agent Poikey, Officer Sterbenz and possibly Officer Packmeyer to testify during trial. The intended testimony will be introduced to implicate Defendant Ribich in the methamphetamine distribution conspiracy and will not be for the purpose of implicating Defendant Hill. In addition, the government intends to engage in further pretrial discussion regarding this testimony with Defendant Hill's attorneys, so that potential problems and issues can be addressed.

Therefore, the government argues that Defendant Hill's motion for severance should be denied because the government does not intend to offer statements into evidence that Defendant Ribich made concerning Defendant Hill, and that it is likely that Defendant Ribich will testify at trial, which alleviates any concerns of Defendant Hill. The government also argues that any delay in this case was caused by the defendants, including Defendant Hill, and cannot justify a Speedy Trial violation. Defendant Hill claims that he will be prejudiced if tried jointly with his codefendants.[1]

Federal Rule of Criminal Procedure 14 provides:

> (a) **Relief**. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

---

[1] Defendant does not argue that the defendants were improperly joined under Federal Rules of Criminal Procedure 8(b). The request for a separate trial is based on Federal Rule of Criminal Procedure 14.

> **(b) Defendant's Statements**. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

There exists a strong preference for joint trials where defendants are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). As the Sixth Circuit explained in *United States v. Wilson*, 344 Fed. Appx. 134 (6th Cir. 2009):

> "As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez,* 309 F.3d 966, 971 (6th Cir.2002) (quoting *United States v. Phibbs,* 999 F.2d 1053, 1067 (6th Cir.1993)); *accord Zafiro,* 506 U.S. at 537, 113 S.Ct. 933 ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Nonetheless, Rule 14(a) "recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." *Zafiro,* 506 at 538, 113 S.Ct. 933. Rule 14(a) provides that "[i]f the joinder of ... defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In interpreting Rule 14, the Supreme Court has held that
>
>> when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.
>
> *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933.

*Id.* at 139-140. *See also United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996) (approving the admission of a codefendant's statements that were redacted to omit identifiable references to other defendants).

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that the confrontation clause was violated when the confession of defendant's codefendant was introduced during their joint trial. The Supreme Court stated:

> We hold that, where a non-testifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the confrontation clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him.

*Cruz v. New York*, 481 U.S. 186, 193 (1986). The Supreme Court further explained in *Richardson v. Marsh*, 481 U.S. 200 (1987):

> We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.

*Id*. at 211. The Supreme Court further clarified the appropriateness of a redacted statement in *Gray v. Maryland*, 523 U.S. 185 (1998), by finding that when the redaction fails to extinguish references to another person by simply blanking out the space or adding the word "deleted" where the codefendant's name appeared in the statement, the Confrontation Clause is violated. The Supreme Court explained that when a statement is redacted in this manner, it calls further attention to the removed name which could fuel jury speculation about the reference, and overemphasize the accusation in the confession. *Id*. at 1155.

In this case, it is the intention of the government to introduce testimony from the officers who interviewed Defendant Ribich regarding his statements. The government does not intend to introduce statements Defendant Ribich made regarding Defendant Hill. The concerns expressed in *Bruton*, *Richardson* and *Gray* are not present in this case. Defendant Hill has not shown that his rights to a fair trial may be violated by the intended testimony of the Special Agent and the officers.

Defendant Hill also claims that the delay caused by the Third Superseding Indictment is unreasonable and argues that the delay also provides a compelling reason to grant his motion for severance when coupled with the above concerns. First, as the court has explained, there exists no *Bruton* issue in this case. The court is confident that the testimony of the officers can be managed to exclude any references that Defendant Ribich made against Defendant Hill which could inculpate Defendant Hill in the conspiracy and distribution of methamphetamine.

The Speedy Trial Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986). An exclusion that applies to one defendant applies to each codefendant. *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986); *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). As both the government and Defendant Hill state, Congress intended that joint trials are appropriate to promote judicial efficiency. In this case, the delay attributed to the Third Superseding Indictment to add Defendant Tristan to the conspiracy in this case did not violate the Speedy Trial Act, nor has Defendant Hill shown prejudice due to any delay. There exists no Speedy Trial violation and no reason that any delay in this case requires severance of the trial. Accordingly, Defendant Hill's Motion For Severance (Docket #191) is denied.

IT IS SO ORDERED.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 29, 2015